We who were the associates of Judge Farmer during the many years of his service on this court have heard with great satisfaction the memorials which have been presented and the addresses which *Page 23 
have been made in regard to his life, character and services, and I express the feelings of all the members of the court, and all who have been members of the court, in saying that we concur entirely with all the statements made and all the sentiments expressed in regard to him in the memorials and addresses.
Justice Farmer was a native son of Illinois. He lived all the days of his life in Fayette county, where he was born. By his resignation, effective on July 1, 1931, of the office of justice of the Supreme Court he brought to a close a half century of almost continuous public service. This service was performed in each of the three departments in which the powers of government are exercised. Upon his admission to the bar in June, 1876, after his graduation from the Union College of Law of Chicago, he established himself in Vandalia, the county seat of Fayette county, and there practiced his profession continuously for twenty-one years. During this time he was elected State's attorney for the county of Fayette. To the administration of this first public office which he held he brought the same faithful devotion to duty, diligent and careful attention, good judgment and energy in action which were characteristic of him in all his undertakings. Four years after the expiration of his term of office as State's attorney he entered another field of public service through his election by the people of his district as their representative in the Thirty-sixth General Assembly, and at the next election he was chosen a senator. He served one term in each house. The first four of his six years' service were during the administration of Governor Fifer; the last two during the administration of Governor Altgeld. In the Thirty-seventh General Assembly, in which Judge Farmer was a senator, occurred the election of General John M. Palmer as United States senator — the first Democrat to be elected a United States senator from Illinois in thirty years. There was a long-continued deadlock in the legislature, in which the Republicans had 100 votes on joint ballot, the Democrats 101, and the balance of power was held by three Farmers' Alliance members, who voted in the joint sessions which were held day after day, so that there was no election for many weeks, until at last two of them voted with the Democrats, giving the necessary 103 votes to General Palmer and *Page 24 
he was elected. Judge Farmer was a Democrat, and in this election, of course, loyally supported General Palmer and rejoiced in his election. No shade of suspicion ever fell upon Judge Farmer's allegiance to the Democratic party any more than upon the integrity of his judicial action, and the way in which he was regarded by Republicans and Democrats alike in his legislative career may be illustrated by the remarks of ex-Governor Joseph W. Fifer, which have, in part, just been quoted by Judge Thompson, and which apply as well to the judge as to the legislator. Governor Fifer, in speaking of the members of the General Assembly during his administration, said: "Among the members of the General Assembly whose friendship I prized was William M. Farmer, a Democrat from Fayette county. He was a member of the House during the first session and of the Senate during the second. I would be unfaithful to a trust and obligation if I did not mention here the service that William M. Farmer rendered me. He never betrayed party confidence and did nothing that in the slightest was politically unethical. His judgment on measures for the public welfare was so good and so frankly and honestly given that I depended upon him for advice and information. No man ever served his State better than he did. He was a Democrat, opposed to me and my party politically, but first of all he was a citizen of Illinois. He never permitted partisanship to cloud his views upon questions that affected the people as a whole. He was honest and upright — straightforward always. I was gratified when he was elected to the Supreme bench. There he has been the same devoted, righteous citizen."
Judge Farmer's service in the legislative department of the State government ceased with the adjournment of the Thirty-eighth General Assembly, in 1894. His judicial service began with his election as judge of the circuit court for the Fourth Circuit in June, 1897, and was continuous for thirty-four years, until his resignation as judge of the Supreme Court within the last four months. He was a judge of the circuit court nine years, during the last three years of which he was also a judge of the Appellate Court for the Second District by the assignment of the Supreme Court. He was a member of the Supreme Court for twenty-five years, and only five of the sixty-three justices who have been members of this *Page 25 
court since the organization of the State have had longer terms of office than he.
Judge Farmer's career was almost altogether professional — the life of a lawyer and a judge. His term of office as State's attorney and the three sessions of the legislature in which he participated were mere episodes in his life, not to be disregarded for their effect on the development of his character, the broadening of his education, the acquisition of knowledge and of wisdom, but, of chief importance, in educating, disciplining, strengthening and informing his mind and increasing his efficiency and capacity for public service. In all the various activities of Judge Farmer's life he was becoming qualified for the work which occupied the last twenty-five years of his life. He grew up on a farm. He attended McKendree College and the Union College of Law. He was acquainted with the manner of life, the habits and customs of the ordinary inhabitants of the State of Illinois. He had a sufficient education and knowledge of the law, good judgment, a wealth of common sense, a strong character and a deeply implanted direct and vigorous sense of justice. As a trial judge he had the confidence of the bar and of the people of his circuit, so that lawyers and clients alike submitted their causes to him in full reliance that they would receive a fair trial and an impartial judgment.
I was associated with Judge Farmer during twenty-four of the twenty-five years of his service on this court. I knew him before his election, but not intimately. During those years of close contact and intimate association with him in the same work, in common with the other members of the court, I came to know him well and to respect and admire him for his sturdy manhood, his firmness of conviction, his sense of responsibility, his loyalty to the court and his steadfastness of purpose to make the law and the court effective instruments for the administration of justice in each particular case. During those years he was a conspicuous figure in the history of the jurisprudence of the State. But he did not seek to be conspicuous. In the last four or five years of his service he was hindered in the performance of his work by physical disability which might have compelled one of less heroic mould to surrender, but with characteristic persistency he remained at his post until his declining health convinced him that he should *Page 26 
not continue longer to carry the burden. He resigned his office, and so ended his long and honorable career of public service. He possessed justly the approbation, respect, confidence and affection of the profession and the people, and no one ever doubted the sincerity, honesty and impartiality of his opinions. He enjoyed his work and his relations with the bar and with his associates. He was a sincere, loyal and sympathetic friend, who had the respect and affection of his associates, and we who have survived him, whether on or off the bench, unite in sorrow for his loss and in honoring his memory.